TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Emily Trevathan and Ramon Martinez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Emily Trevathan and Ramon Martinez,<br><br>    Plaintiff,<br><br>  vs.<br><br>Collection Bureau of America ; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.:  5:15-cv-4<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 *ET SEQ.*;**<br>**3. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Emily Trevathan and Ramon Martinez, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), repeated violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act"), and repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiffs, Emily Trevathan ("Emily) and Ramon Martinez ("Ramon") (collectively referred to as "Plaintiffs"), are adult individuals residing in Palo Alto, California, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and are each a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Defendant Collection Bureau of America ("CBA"), is a California business entity with an address of 25954 Eden Landing Road, Hayward, California 94545, operating as a collection agency, and is a "debt collector" as the term is

defined by 15 U.S.C. § 1692a(6) and is a "person" as the term is defined by 47 U.S.C. § 153(39)

6.  Does 1-10 (the "Collectors") are individual collectors employed by CBA and whose identities are currently unknown to Plaintiffs.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  CBA at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**

8.  Upon information and belief, a financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor") by Odell Williams, a person who is not a party to this lawsuit (the "Debtor").

9.  Upon information and belief, the Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.  Upon information and belief, the Debt was purchased, assigned or transferred to CBA for collection, or CBA was employed by the Creditor to collect the Debt.

11.  CBA attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     CBA Engages in Harassment and Abusive Tactics**

12.     Within the last four years, CBA contacted Plaintiffs in an attempt to collect the Debt.

13.     When contact was made, CBA asked to be connected to the Debtor.

14.     The Plaintiffs are not the Debtor, do not know the Debtor, and have no responsibility for repayment of the Debt.

15.     CBA called Plaintiffs' cellular telephone, number [650-630-XXXX], by using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using an artificial or prerecorded voice ("Robocalls")..

16.     When Plaintiffs answered the calls from CBA, they were met with a recorded voice requesting that Plaintiffs remain on the line before being connected to a live representative.

17.     In or around July of 2014, during a live conversation with CBA, Emily advised Monarch that it was calling the wrong number and that the Debtor was unknown to Plaintiffs.

18.     Plaintiffs further requested that Monarch cease all calls.

19.     During one call in particular, CBA attempted contact with the Debtor at Plaintiffs' number and the call was answered by Plaintiff's thirteen year-old son, at which point CBA stated "Who the [expletive] are you? Give the phone to your parents!" and then hung up.

20. Despite Plaintiffs' unequivocal explanation and request that CBA stop calling, CBA continued placing ATDS calls and Robocalls to Plaintiffs at an excessive and harassing rate.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

21. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendants contacted Plaintiffs in regards to the Debtor's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

23. Defendants engaged in behavior, the natural consequence of which was to harass, oppress, or abuse Plaintiffs in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

24. Defendants caused a phone to ring repeatedly and engaged Plaintiffs in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

25. Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

28. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Rosenthal Act prohibits unfair and deceptive acts and practices in the collection of consumer debts.

30. CBA, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

31. Defendants caused a telephone to ring repeatedly and engaged Plaintiffs in continuous conversations with the intent to annoy Plaintiffs, in violation of Cal. Civ. Code § 1788.11(d).

32. Defendants communicated with Plaintiffs with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

33. Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

34. Plaintiffs are entitled to damages as a result of the Defendants' violations.

# COUNT III
# VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

35. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. At all times mentioned herein and within the last four years, CBA called Plaintiffs on their cellular telephones using an ATDS or Predictive Dialer and/or by using Robocalls.

37. Plaintiffs never provided their cellular telephone number to CBA or the Creditor and never provided their prior express consent to be contacted on their cellular telephone.

38. CBA continued to place ATDS and/or Robocalls calls to Plaintiffs' cellular telephone after being advised multiple times it had the wrong number and knowing that there was no express consent to continue the calls. As such, each call placed to Plaintiffs was made in knowing and/or willful violation of the TCPA.

39. The telephone number called by CBA was assigned to a cellular telephone service for which Plaintiffs incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

40. The calls from CBA to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

41. CBA's telephone system has the capacity to store numbers in a random and sequential manner and is a "predictive dialer" as defined by the Federal Communications Commission.

42. As a result of each call made in violation of the TCPA, Plaintiffs are entitled to an award of $500.00 in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

43. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff may entitled to an award of treble damages pursuant to 47 U.S.C. § 227(b)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B);

G. Treble damages pursuant to 47 U.S.C. § 227(b)(3); and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: January 2, 2015				TRINETTE G. KENT


						By: /s/ Trinette G. Kent
						Trinette G. Kent, Esq.
						Lemberg Law, LLC
						Attorney for Plaintiffs Emily Trevathan and Ramon Martinez